RECEIPT NUMBER
*200-518607-DT*

*26 Attach 1-3*

*ORIGINAL*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

GEORGE MANIRE

      Plaintiff,

vs.

AMERICAN EQUITY MORTGAGE,
a Michigan corporation,

      Defendant.

_____/

```
JUDGE : Battani, Marianne O.
DECK  : S. Division Civil Deck
DATE  : 12/22/2004 @ 12:08:22
CASE NUMBER : 5:04CV60278
REM GEORGE MANIRE VS. AMERICAN
EQUITY MORTGAGE (JMC)
```

### MAGISTRATE JUDGE MONA K. MAJZOUB

### NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO:   Clerk of the Court
      United States District Court
      for the Eastern District of Michigan
      Theodore Levin U.S. Courthouse
      231 West Lafayette
      Detroit, MI 48226

      Sequara M. Henry
      30500 Van Dyke, Suite 700
      Warren, MI 48093

      PLEASE TAKE NOTICE that Defendant American Equity Mortgage ("Defendant"), by its attorneys, Dickinson Wright PLLC, hereby removes this action from the District Court for the 46th Judicial District, where it is now pending, to the United States District Court for the Eastern District of Michigan, for the following reasons:

      1.    On or about July 1, 2004, Plaintiff filed a Complaint against Defendant, entitled <u>George Manire</u> v <u>American Equity Mortgage</u>, Case no. GC 042567 in the 46th Judicial District Court. The Summons and Complaint are attached as Exhibit 1.

2.     On November 24, 2004, Plaintiff filed a First Amended Complaint against Defendant, adding new claims including a claim for a violation of 15 U.S.C. § 1691(d). A copy of the First Amended Complaint is attached as Exhibit 2.

3.     On December 1, 2004, Plaintiff served the First Amended Complaint on Defendant.  A copy of the Proof of Service is attached as Exhibit 3.

4.     The attached Summons and Complaint and First Amended Complaint (Exhibits 1 and 2) constitute all process and pleadings served on Defendant to date.

5.     Pursuant to the cause of action added in the First Amended Complaint pursuant to 15 U.S.C.§ 1691(d), this Court has federal question jurisdiction over this action pursuant to 28 U.S.C.§ § 1331 and 1441 et seq.

6.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff seeks relief pursuant to 15 U.S.C.§ 1691(d).   Therefore, this action is removable to this Court from the 46th Judicial District Court pursuant to 28 U.S.C. § § 1441 and 1446(b).

7.     This Notice of Removal is timely under 28 U.S.C. § 1446(d) because it is filed within 30 days after service of the First Amended Complaint upon Defendant, in which Plaintiff first raised the federal question.

8.     This Notice of Removal has been served upon Plaintiff by facsimile and mail and is being filed with the Clerk of the Court of the 46th Judicial District Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant American Equity Mortgage gives notice that this action now pending against it in the 46th Judicial District Court is removed therefrom to this Court.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: _____
    J. Benjamin Dolan (P47839)
Attorneys for Defendant American Equity
    Mortgage
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, Michigan 48304
(248) 433-7200

Dated: December 21, 2004

BLOOMFIELD  46579-6  661807

3

JUL-12-2004 MON 10:11 AM American Equity Mortgage    FAX NO. 3148786338    P. 02

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

| STATE OF MICHIGAN ~~32nd~~ JUDICIAL DISTRICT 46TH JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO. GC 04 2567 HON. SHELIA JOHNSON |
|---|---|---|

Court address 26000 EVERGREEN, SOUTHFIELD, ~~2088 S. PARKER (M-29), MARINE CITY,~~ MICHIGAN ~~48039~~ 48076     248 796 5840      Court telephone no.

| Plaintiff name(s), address(es), and telephone no(s). GEORGE MANIRE 6270 LIENAW. RD COTTRELLVILLE TWP 48039 810 7945908 | v | Defendant name(s), address(es), and telephone no(s). AMERICAN EQUITY MORTGAGE ~~MORRIS WILSON & ERIC MEDUS~~ 1 TOWNE SQUARE SUITE 1150 SOUTHFIELD, MI 48076 248 945 9900 |
|---|---|---|

Plaintiff attorney, bar no., address, and telephone no.

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 7/1/04 | This summons expires 9/30/04 | Court clerk DONNA BEAUDET/MCPHERSON TO SERVE |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint/
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

The civil/domestic relations action ☐ remains ☐ is no longer  pending.

| VENUE | |
|---|---|
| Plaintiff(s) residence (include city, township, or village) GEORGE MANIRE 6270 LIENAW RD COTTRELLVILLE TWP 48039 MI | Defendant(s) residence (include city, township, or village) 1 TOWNE SQUARE SUITE 1150, SOUTHFIELD MI 48076 |

Place where action arose or business conducted

1 TOWNE SQUARE SUITE 1150 SOUTHFIELD MI 48076

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date 7-1-04      Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

MC 01  (10/97) SUMMONS AND COMPLAINT      MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

DOUBLEDAY BROS. & CO., KALAMAZOO, MI 49001

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>46TH JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT<br>Page    of    pages | CASE NO.<br>GC 04   2567<br>Judge HON. SHELIA JOHNSON |
|---|---|---|

Court address

Court telephone no.

ABOUT THE END OF JAN. 04 I WENT TO AMERICAN EQUITY MORTGAGE AND TALKED TO MORRIS WILSON TO SEE IF IT WOULD BE A GOOD TIME TO RE MORTGAGE. AT THAT TIME I HAD A MORTGAGE WITH NATIONAL CITY FOR 8.3 AT 130,000. MORRIS WILSON HAD TOLD ME THAT IF I RE MORTGAGE FOR 8.0 AT 144,000 AFTER CLOSING COST, SIX MONTHS LATTER THEY WOULD RE-EVALUATE MY LOAN AND I WOULD SEE THE SAVINGS. THIS NEVER HAPPENED. A.E.M. SOLD MY MORTGAGE AT 8.0 FOR 144,000 TO NEW CENTURY, I TOLD NEW CENTURY THAT WHAT I WAS TOLD BY MORRIS WILSON IS THAT MY RATE WOULD DROP BY TWO POINTS AND THAT WHAT I WAS PROMISED. NEW CENTURY KNEW NOTHING ABOUT THIS AGREEMENT. I CALLED A.E.M. AND TALKED TO ERIC MEDOWS ABOUT MY PROBLEM. HE SAID THAT THEY WILL NOT RE-WRITE AND HE GAVE ME A CHOICE, TAKE 4,500 CASH AND LEAVE IT AT 8.0 FOR 144,000 OR 6.45 AT 144,000. I TOOK 6.45. HE FAXED THE PAPER WORK TO MY WORK. AND I RE-SIGNED. STILL NEW CENTURY KNEW NOTHING ABOUT THIS AGREEMENT. I AM SUEING FOR $20,000. THAT WOULD COVER THE COST OF DAMAGE TO MY CREDIT, EXTRA COST ON MY MORTGAGE.

MC 01a   (3/85)   SUMMONS AND COMPLAINT

DEFENDANT



## STATE OF MICHIGAN
## IN THE 46TH DISTRICT COURT

GEORGE MANIRE,

     Plaintiff

-vs-

                           CASE NO. GC 042567

AMERICAN EQUITY MORTGAGE          JUDGE: SHEILA R. JOHNSON

     Defendant

_____/

SEQUARA M.  HENRY  (P65526)
Attorney for Plaintiff
30500 Van Dyke, Suite 700
Warren, Michigan 48093
(586) 574-4400

J. BENJAMIN DOLAN (P47839)
Attorney for Defendant
38525 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7535

_____/

     There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

     The Complaint of George Manire by his attorneys, UAW-GM Legal Services Plan, is as follows:

     1. This court has jurisdiction of this case.

     2. Plaintiff, GEORGE MANIRE is a natural person currently residing in Cottrellville, MI.

     3. Defendant AMERICAN EQUITY MORTGAGE is incorporated in Missouri and has its principal place of business in Southfield, Michigan.

     4. Defendant American Equity Mortgage is the ( " Lender") who is the lender for the mortgage, which is  the subject of this action.

## FACTS

     5. On or about January 29, 2004, Plaintiff refinanced his real property located in St. Clair County.

     6. Plaintiff signed a Loan Agreement to refinance his mortgage on January 29, 2004.  A copy is attached as Exhibit A.

7. During the course of the sale of the loan, Lender made false written and oral representations to Plaintiff regarding the loan agreement, including the following: representatives, Morris R. Wilson and Eric Meadow stated that there would be an reduction in the interest rate of Plaintiffs loan from 8.4% to 6.45 % in six months after closing the loan.

8. In a written document received by Plaintiff on or about May 5, 2004, attached as Exhibit B, Lender made the following false representations regarding the loan: that Plaintiff would have a new interest rate of 6.45 % .

9. Lender sold mortgage to another Mortgage company, New Century mortgage with the 8.4% interest rate.

10. New Century was not aware of the reduction to the 6.45% interest rate. The 6.45% interest rate was never applied to the Plaintiffs loan.

11. As a result of the misrepresentation by Lender, Plaintiff will have to spend an estimated one hundred one thousand seven hundred thirty three ($101,733) dollars over a 30 year period.

## COUNT I
### INTENTIONAL MISREPRESENTATION BY LENDER

12. Plaintiff realleges and incorporates by reference all of the above paragraphs.

13. Defendant Lender and its agents, intentionally and knowingly made, or caused to be made, the misrepresentations regarding the loan agreement, intending that they be relied upon by Plaintiff.

14. Defendant Lender and its agents knew that the representations were not true, or made them with reckless disregard for the truth.

15. Plaintiff relied on the misrepresentations and Lender intended that they be relied upon.

16. The misrepresentations were material to the transaction. Without these misrepresentations, Plaintiff would not have agreed to refinance his home with lender because Plaintiff already had an 8.4% interest rate with his original loan holder.

17. Plaintiff has suffered a loss as a result of the misrepresentations.

18. The conduct alleged above was extreme, outrageous and intentional.

## COUNT II
## NEGLIGENT MISREPRESENTATION BY LENDER

19. Plaintiff realleges and incorporates by reference all of the above paragraphs.

20. Lender owed Plaintiff a duty of care in making statements and /or promises regarding the interest rate of the loan.

21. Lender negligently and without taking due care made false statements regarding the interest rate of the loan after six months.

22. Plaintiff relied on the misrepresentations in refinancing his loan.

23. The misrepresentations were material to the transaction.

24. Plaintiff suffered a loss as a result of reliance on the misrepresentations. Plaintiff would not have refinanced the loan at the 8.4 % interest rate if the client were aware that he would never receive the 6.45% interest rate after six months had been disclosed.

## COUNT III
## BREACH OF CONTRACT BY LENDER

25. Plaintiff realleges and incorporates by reference all of the above paragraphs.

26. In the contract for refinancing his loan, the Lender agreed to the following: reduce the interest rate from 8.45% to 6.45% in six months after signing the loan agreement.

27. Plaintiff performed all of his obligations under the terms of the agreement for refinancing the loan.

28. Lender breached the agreement in the following respects: Lender did not reduce the Plaintiffs interest rate to 6.45% after the six months lapsed.

29. As a result of the breach of contract by Lender, Plaintiff will have to spend an estimated one hundred one thousand seven hundred thirty three ($101,733) dollars over a 30 year period.

## COUNT IV
## VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

30. Defendant ha a duty to notify Plaintiff of action on his application, explicit or implicit, within 30 days. (15 U.S.C. 1691(d), Reg B sec. 202.9)

31. Defendant breached this duty because Plaintiff never received any notice of approval or adverse action rejecting his May 5, 2004 credit application within 30 days.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Award to the Plaintiff all actual damages sustained as a result of the breaches of duty by Defendant;

B. Award to the Plaintiff incidental and consequential damages;

C. Award to the Plaintiff punitive damages;

D. Award to the Plaintiff costs, interest, attorneys' fees and such other relief as the Court finds just.

SUBMITTED BY:

Dated: __11/23/04__

SEQUARA M. HENRY  (P65526)
UAW-GM Legal Services Plan
30500 Van Dyke, Suite 700
Warren, Michigan 48093
(586) 574-4400



## STATE OF MICHIGAN
## IN THE 46™ DISTRICT COURT

GEORGE MANIRE,

     Plaintiff

  -vs-                            CASE NO. GC 042567

AMERICAN EQUITY MORTGAGE       JUDGE: SHEILA R. JOHNSON

     Defendant

                         /

SEQUARA M. HENRY  (P65526)
Attorney for Plaintiff
30500 Van Dyke, Suite 700
Warren, Michigan 48093
(586) 574-4400

J. BENJAMIN DOLAN (P47839)
Attorney for Defendant
38525 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7535

                         /

## PROOF OF SERVICE

**STATE OF MICHIGAN   )**
                     )SS.
**COUNTY OF MACOMB )**

     LaRita M. Bearden, being duly sworn, deposes and say that on December 1, 2004, she served a copy of Plaintiff's First Amended Complaint upon:

                J. Benjamin Dolan
               Attorney for Defendant
       38525 Woodward Ave., Suite 2000
          Bloomfield Hills, MI 48304

by placing the documents in the United States Mail, properly addressed, with first-class postage fully prepaid.

                              *LaRita M. Bearden*
                              LaRita M. Bearden

STATE OF MICHIGAN

DISTRICT COURT FOR THE 46TH JUDICIAL DISTRICT

GEORGE MANIRE

     Plaintiff,

     vs.

AMERICAN EQUITY MORTGAGE,
a Michigan corporation,

     Defendant.

Case No. GC 04-2567

Hon. Sheila Johnson

| Sequara M. Henry (P65526) | J. Benjamin Dolan (P47839) |
|---|---|
| Attorney for Plaintiff | DICKINSON WRIGHT PLLC |
| 30500 Van Dyke, Suite 700 | Attorneys for Defendant American |
| Warren, MI 48093 |   Equity Mortgage |
| (8586) 574-4400 | 38525 N. Woodward Ave. |
| | Bloomfield Hills, MI 48304 |
| | (248) 433-7200 |

**DEFENDANT AMERICAN EQUITY MORTGAGE'S AMENDED ANSWER
AND AFFIRMATIVE AND SPECIAL DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant American Equity Mortgage ("American Equity"), by its attorneys, Dickinson Wright PLLC, states for its Answer to Plaintiff's First Amended Complaint as follows:

1.    American Equity admits the allegations contained in paragraph 1.

2.    American Equity neither admits nor denies the allegations contained in paragraph 2 because it lacks sufficient knowledge or information to form an opinion as to the truth of those allegations.

3.    American Equity admits the allegations contained in paragraph 3.

4.     American Equity denies the allegation contained in paragraph 4 as untrue to the extent Plaintiff alleges that American Equity is the "lender for the mortgage." Further answering, American Equity is the lender pursuant to Plaintiff's note which the mortgage secures.

5.     American Equity admits the allegation contained in paragraph 5.

6.     American Equity admits that Plaintiff executed certain loan documents. Further answer, American Equity states that the documents attached to Plaintiff's Complaint as Exhibit A are their own best evidence.   American Equity denies any allegations contained in this paragraph which contradict the documents attached as Exhibit A to the Complaint.

7.     American Equity denies the allegation contained in paragraph 7 as untrue. Further answering, American Equity states that the terms of Plaintiff's loan are contained in the loan documents.

8.     American Equity denies the allegation contained in paragraph 8 as untrue. Further Answering, the documents attached to Plaintiff's First Amended Complaint as Exhibit B are their own best evidence and therefore require no further answer from American Equity.

9.     American Equity admits that it sold Plaintiff's mortgage to New Century Mortgage as it had advised Plaintiff it may do in the Servicing Transfer Disclosure Statement, which Plaintiff signed on January 13, 2004.

10.     American Equity denies the allegations contained in paragraph 10 as untrue.

2

11.     American Equity denies the allegations contained in paragraph 11 as untrue.

## COUNT I

12.     American Equity realleges and incorporates by reference paragraphs 1 through 11 as though fully restated herein.

13.     American Equity denies the allegations contained in paragraph 13 as untrue.

14.     American Equity denies the allegations contained in paragraph 14 as untrue.

15.     American Equity denies the allegations contained in paragraph 15 as untrue.

16.     American Equity denies the allegations contained in paragraph 16 as untrue.

17.     American Equity denies the allegations contained in paragraph 17 as untrue.

18.     American Equity denies the allegations contained in paragraph 18 as untrue.

## COUNT II

19.     American Equity realleges and incorporates by reference paragraphs 1 through 18 as though fully restated herein.

20.     American Equity denies the allegations contained in paragraph 20 as untrue.

3

21.    American Equity denies the allegations contained in paragraph 21 as untrue.

22.    American Equity denies the allegations contained in paragraph 22 as untrue.

23.    American Equity denies the allegations contained in paragraph 23 as untrue.

24.    American Equity denies the allegations contained in paragraph 24 as untrue.

## COUNT III

25.    American Equity realleges and incorporates by reference paragraphs 1 through 24 as though fully restated herein.

26.    American Equity denies the allegations contained in paragraph 26 as untrue.  Further answering, American Equity states that the terms of the loan are contained in the loan documents.

27.    American Equity denies the allegations contained in paragraph 27 as untrue.

28.    American Equity denies the allegations contained in paragraph 28 as untrue.

29.    American Equity denies the allegations contained in paragraph 29 as untrue.

## COUNT IV

30.    American Equity realleges and incorporates by reference paragraphs 1 through 29 as though fully restated herein.

31.     (Plaintiff's paragraph 30).   American   Equity   denies   the   allegations contained in paragraph 30 as untrue.

32.     (Plaintiff's paragraph 31).   American   Equity   denies   the   allegations contained in paragraph 31 as untrue.

WHEREFORE, American Equity respectfully requests that this Court enter a judgment in favor of American Equity and against Plaintiff, dismissing Plaintiff's Complaint, and awarding costs, attorney fees, and any other relief this Court deems appropriate.

DICKINSON WRIGHT PLLC

By: _____
    J. Benjamin Dolan (P47839)
Attorneys for Defendant American Equity
    Mortgage
38525 Woodward Avenue, Ste. 2000
Bloomfield Hills, MI 48304
(248) 433-7200

Dated:  December 22, 2004

## AFFIRMATIVE AND SPECIAL DEFENSES

Defendant American Equity Mortgage ("American Equity"), by its attorneys, Dickinson Wright PLLC, states for its Affirmative and Special Defenses to Plaintiff's Complaint as follows:

1.  Plaintiff's Complaint fails to state a claim upon which relief may be granted and American Equity is entitled to judgment as a matter of law.

2.  Plaintiff's claims are barred, in whole or in part, based on the applicable statute of frauds.

3.  Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused by the negligence of another party or other person.

4.  Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused by persons or entities other than American Equity for whom American Equity is not responsible.

5.  Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

6.  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

7.  Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or ratification.

8.  Plaintiff's claims are barred by the doctrine of laches.

9.  Plaintiff's claims are barred by accord and satisfaction.

10.  Plaintiff's claims are barred, in whole or in part, because American Equity did not misrepresent any actionable, material fact to Plaintiff at any time.

11.    Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate his alleged damages.

12.    Plaintiff's claims are barred, in whole or in part, because of the economic loss doctrine or its common law equivalent.

13.    Plaintiff's claims are barred because this Court lacks jurisdiction over the issues raised therein.

14.    American Equity reserves the right to add other Affirmative Defenses as discovery proceeds.

WHEREFORE, American Equity respectfully requests that this Court enter a judgment in favor of American Equity and against Plaintiff, dismissing Plaintiff's Complaint, and awarding costs, attorney fees, and any other relief this Court deems appropriate.

DICKINSON WRIGHT PLLC

By: _____
      J. Benjamin Dolan (P47839)
      Attorneys for Defendant American Equity
        Mortgage
      38525 Woodward Avenue, Ste. 2000
      Bloomfield Hills, MI 48304
      (248) 433-7200

Dated:  December 22, 2004

BLOOMFIELD 46579-6 660084

7

STATE OF MICHIGAN

DISTRICT COURT FOR THE 46TH JUDICIAL DISTRICT

GEORGE MANIRE

     Plaintiff,

vs.

AMERICAN EQUITY MORTGAGE,
a Michigan corporation,

     Defendant.

Case No. GC 04-2567

Hon. Sheila Johnson

_____/

Sequara M. Henry (P65526)
Attorney for Plaintiff
30500 Van Dyke, Suite 700
Warren, MI 48093
(586) 574-4400

J. Benjamin Dolan (P47839)
DICKINSON WRIGHT PLLC
Attorneys for Defendant American
  Equity Mortgage
38525 N. Woodward Ave.
Bloomfield Hills, MI  48304
(248) 433-7200

_____/

**PROOF OF SERVICE**

STATE OF MICHIGAN    )
                    )SS.
COUNTY OF OAKLAND  )

     Linda M. Wheaton, being first duly sworn deposes and says that on the 22nd day

of December, 2004 she caused to be served a copy of Defendant American Equity

Mortgage's Amended Answer and Affirmative and Special Defenses to Plaintiff's First

Amended Complaint and Proof of Service upon the following:

                Sequara M. Henry
                30500 Van Dyke, Suite 700
                Warren, MI 48093

by enclosing same in a sealed envelope properly addressed to said attorneys and

depositing same in the U.S. Mail receptacle located in the City of Bloomfield Hills,

County of Oakland, State of Michigan, with postage fully prepaid.

_Linda M. Wheaton_
Linda M. Wheaton

Subscribed and sworn to before me
this 22nd day of December, 2004.

_Gail Poland_
Notary Public
County of Oakland, State of Michigan
My commission expires: _____
Acting in Oakland County, Michigan

GAIL POLAND
Notary Public, Oakland County, Michigan
Acting in _Oakland_ County, Michigan
My Commission Expires on July 28, 2005

BLOOMFIELD 46579-6 662060

2

ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

GEORGE MANIRE

    Plaintiff,

vs.

AMERICAN EQUITY MORTGAGE,
a Michigan corporation,

    Defendant.

```
JUDGE : Battani, Marianne O.
DECK  : S. Division Civil Deck
DATE  : 12/22/2004 @ 12:08:22
CASE NUMBER : 5:04CV60278
REM GEORGE MANIRE VS. AMERICAN
EQUITY MORTGAGE (JMC)
```

**MAGISTRATE JUDGE MONA K. MAJZOUB**

_____/

### PROOF OF SERVICE

STATE OF MICHIGAN   )
                   )SS.
COUNTY OF OAKLAND  )

    Linda M. Wheaton, being first duly sworn deposes and says that on the 22nd day of December, 2004 she caused to be served a copy of Notice of Filing of Removal, Notice of Removal to United States District Court and Proofs of Service upon the following:

                    Sequara M. Henry
                    30500 Van Dyke, Suite 700
                    Warren, MI 48093

by enclosing same in a sealed envelope properly addressed to said attorneys and depositing same in the U.S. Mail receptacle located in the City of Bloomfield Hills, County of Oakland, State of Michigan, with postage fully prepaid.

_____
Linda M. Wheaton

Subscribed and sworn to before me
this 22nd day of December, 2004.


_____
Notary Public
County of Oakland, State of Michigan
My commission expires: _____
Acting in Oakland County, Michigan

KELLY M. GARDELLA
Notary Public, Macomb County, Michigan
Acting in _____ County, Michigan
My Commission Expires on April 4, 2011

BLOOMFIELD 46579-6 662061

2

ORIGINAL

**04 - 6 0 2 7 8**

JUDGE MARIANNE O. BATTANI

JS 44 11/99   **CIVIL COVER SHEET**  COUNTY IN WHICH THIS ACTION AROSE: OAKLAND

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

GEORGE MANIRE

**DEFENDANTS**

AMERICAN EQUITY MORTGAGE, a michigan corporation

(b) County of Residence of First Listed   OAKLAND

County of Residence of First Listed   OAKLAND

MAGISTRATE JUDGE MONA K. MAJZOUB

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Servara M. Henry (P65526)
30500 Van Dyke, Ste 700
Warren, MI 48093   (586) 574-4400

Attorneys (If Known)

J. Benjamin Dolan (P47839)
Dickinson Wright, PLLC
38525 Woodward Suite 2000
Bloomfield Hills, MI 48304   (248) 433-7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item 111)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multi district Litigation
- ☐ 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE   DECEMBER 22, 2004

SIGNATURE OF ATTORNEY OF RECORD   J. Benjamin Dolan JBD

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)

☒ Yes
☐ No

If yes, give the following information:

Court: 46th DISTRICT COURT, SOUTHFIELD

Case No.: GC 04 - 2567

Judge: HON. SHEILA JOHNSON

Notes :