UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MANIRE,

        Plaintiff,

v.                                         CASE NO. 04-60278
                                         HON. MARIANNE O. BATTANI

AMERICAN EQUITY MORTGAGE, INC.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is defendant American Equity Mortgage, Inc.'s Motion for Summary Judgment (Doc. #8), brought pursuant to FED. R. CIV. P. 56. Defendant seeks dismissal of Plaintiff's Complaint, which sets forth claims of intentional misrepresentation, negligent misrepresentation, breach of contract, and violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691. The Court heard oral argument on August 11, 2005. For the reasons set forth below, Defendant's motion is GRANTED.

**II.    STATEMENT OF FACTS**

This lawsuit arises out of a dispute over a mortgage agreement between George Manire ("Manire") and American Equity Mortgage, Inc. ("AEM"). Manire alleges that after he heard an AEM advertisement offering a six-point interest loan to those with acceptable credit, he contacted Defendant to obtain information concerning refinancing his loan. (Dep. of Manire at 8-9). Defendant's employee, Morris Wilson ("Wilson"), was assigned as Plaintiff's loan officer. Wilson allegedly represented that Plaintiff's 8.0% interest rate would be reduced to 6.45% after six months. On January 13, 2005, Manire executed a loan application for $144,000 at the 8.0%

rate in reliance upon Wilson's representation. Id. at 11-12. The loan agreement was executed on January 29, 2005.

On the same day, Defendant assigned the note to New Century Mortgage ("New Century"). (Pl.'s Ex. A). Manire received a notice, dated March 5, 2004, of the assignment. Consequently, he called New Century and sent a letter regarding the 6.45% reduced interest rate he had been promised. (Dep. of Manire at 37-39). New Century informed him that it was unaware of any such agreement. Plaintiff then sent a letter to New Century stating that payments would be withheld until the matter was resolved; however, Plaintiff continued to make timely payments. Id. at 44.

Thereafter, AEM's employee, Amanda Klein, sent a letter, dated April 28, 2004, encouraging Manire to make timely payments to New Century and offering to refinance his loan. Subsequently, Manire contacted Eric Meadow ("Meadow"), Great Lakes Area Manager for AEM, about his concerns. (Dep. of Meadow at 14). Meadow offered Manire a new loan of $144,000, at a 6.45% interest rate, or a return of a portion of his closing costs. (Dep. of Manire at 52-53, Dep. of Meadow at 14-15). Manire chose to execute a new loan.

On May 6, 2004, Manire completed and returned the second loan application and documents to Defendant. (Dep. of Manire at 54-57). Thereafter, Meadow contacted Plaintiff and left messages requesting further documents to complete the loan process. (Dep. of Meadow at 15-16). Plaintiff admitted that he received one of Meadow's messages stating that there was a problem, but failed to return the call. (Dep. of Manire at 68). The loan approval expired by its own terms. (Dep. of Meadow at 9-10). Defendant asserts that it sent Manire an unsigned, undated notice, informing Plaintiff of the expiration. Plaintiff claims that he did not receive

notice of any action taken on his loan application within thirty days, as required by the Equal Credit Opportunity Act. (Pl. Res. Br. at 7)

### III. STANDARD OF REVIEW

A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A principal purpose of this rule is to "isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The moving party bears the burden to show that summary judgment is warranted. This burden may be discharged if the moving party "[points] out to the district court–that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Additionally, for the purposes of deciding a motion for summary judgment, a court must draw all inferences from those facts in the light most favorable to the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Thus, the court may grant summary judgment when the moving party demonstrates that there are no issues of material fact as to the existence of an essential element of the nonmoving party's case, on which the nonmoving party would bear the burden of proof at trial.

### IV. DISCUSSION

#### A. Plaintiff's Intentional and Negligent Misrepresentation Claims

It is undisputed that Plaintiff's claims under Counts I and II are based on oral statements

made to Plaintiff by Defendant's employee. Plaintiff raises several arguments in support of these claims, but, as Defendant correctly asserts, summary judgment is warranted on all issues. The applicable statute of frauds prevents Plaintiff from bringing a state law tort action.

The Michigan Statute of Frauds provision bars actions made against financial institutions to enforce promises to make financial accommodations, unless such promise is in writing and signed with an authorized signature by the financial institution. MICH. COMP. LAWS ANN. § 566.132 (2005). Manire does not contest that Defendant falls within the "financial institutions" protected by the Michigan Statute of Frauds. The term "financial institutions" includes persons licensed or registered under the mortgage brokers, lender, and servicers licensing act. Id. Defendant argues that in light of this statutory provision, Plaintiff's claims of misrepresentation fail as a matter of law. See Crown Technology Park v. D&N Bank, FSB, 242 Mich. App. 538 (Mich. Ct. App. 2000) (holding that a plaintiff could not bring a claim against the defendant bank predicated on an employee's oral promise to waive a prepayment term in a promissory note). Moreover, the statute "plainly states that a party is precluded from bringing a claim--no matter its label-- against a financial institution to enforce the terms of an oral promise to waive a loan provision." Id. at 550. Therefore, the Michigan Statute of Frauds prevents Plaintiff from asserting claims of intentional and negligent misrepresentation.

   **B.**   **Breach of Contract**

As previously discussed, the Michigan Statue of Frauds precludes a party from "bringing a claim--no matter its label-- against a financial institution to enforce the terms of an oral promise." Crown Technology, 242 Mich. App. at 550. Thus, Plaintiff's breach of contract claim

necessarily fails as it is based on alleged oral statements of a financial institution.

Even if the Michigan Statute of Frauds did not apply, Plaintiff is unable to maintain a breach of contract claim because the evidence presented is insufficient to support his assertion that a breach occurred. It is undisputed that all of the loan documents were clear and unambiguous on their face and that none of the documents establish any of the obligations upon which Plaintiff bases his complaint. Instead, Plaintiff submits as evidence a loan approval document showing a $145,000 loan at 7.6% interest. (Pl's. Ex. C). Plaintiff argues that this document shows a breach of Meadows's offer of a $144,000 loan, at a 6.45% interest rate. At oral argument, however, defense counsel noted that the document came from New Century and not AEM. He stated Defendant sets its own interest rate, and is not required to follow New Century's recommendation. Defendant further argued that Plaintiff would have received the 6.45% interest rate, if he would have submitted the necessary documentation to complete his application. The Court finds Defendant's argument compelling. In light of the fact that Plaintiff did not even complete the loan application, he cannot maintain a breach of contract claim.

### C. Violation of the Equal Credit Opportunity Act

Two issues are raised in Defendant's motion relative to Plaintiff's Equal Credit Opportunity Act ("ECOA" or "Act") claim: whether Plaintiff properly pleaded the claim, and the adequacy of the notice provided to Plaintiff. Plaintiff has failed to allege discrimination as required by the ECOA. Therefore, the Court must dismiss this claim under FED. R. CIV. P. 12(b)(6).

Moreover, the claim fails for another reason. Manire cannot show that Defendant failed

to comply with the statutory notice requirements. The applicable section of the ECOA requires a creditor to provide notice of action taken on an application within thirty days after receipt of a completed application. 15 U.S.C. § 1691 (2005). The Act also requires that the notice include a written explanation of specific reasons for any adverse action taken. Id. The Act further provides:

> (6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

Id. The term "adverse action" does not include actions "taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. § 202.2 (2005).

Plaintiff interprets the ECOA to require Defendant to notify Manire of the action taken on his application. Neither the statute nor case law interpreting the act requires notification under these facts. As the court in High v. McLean Fin. Corp., 659 F. Supp. 1561 (D.D.C. 1987), held, notification within thirty days is only required on "completed" applications. The court observed that an application is complete "when the creditor has obtained verifying information and whatever other types of reports or information it ordinarily requires to evaluate a loan." Id. at 1564.

Plaintiff's approval expired by its own terms because he did not return Meadow's calls to complete the application. The Court is not persuaded to the contrary by Plaintiff's assertion that he believed that the paperwork he completed constituted a new loan. His subjective belief does not create a genuine issue of material fact. Moreover, his subjective belief is unreasonable given

6

his acknowledgment that he did not execute the same closing documents as he did for his first loan. (Dep. of Manire at 69-70). As such, Defendant was not required to send notification. Accordingly, the Court finds that Plaintiff's claim for violation of the ECOA fails as a matter of law.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                            **s/Marianne O. Battani**
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

DATED: **September 6, 2005**

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon to J. Benjamin Dolan and Sequara M. Henry on this date by ordinary mail and/or e-filing.

                                            **s/Bernadette M. Thebolt**
                                            Deputy Clerk